UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

Plaintiff,

v. Case No: 2:16-cv-100-FtM-29MRM

THE STATE OF FLORIDA,

Defendant.

---

LOUIS MATTHEW CLEMENTS,

Plaintiff,

v. Case No: 2:16-cv-101-FtM-99MRM

THE STATE OF FLORIDA,

Defendant.

---

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction (Docs. #20, #19) filed on May 25, 2016, in Case No. 2:16-cv-100-FTM-29MRM and in Case No. 2:16-cv-101-FTM-99MRM.[1] Plaintiff seeks immediate *ex parte* relief enjoining defendant from maintaining his name on the Florida Sexual Offender Registry pending a ruling on the merits of his case, and until such time as

---

[1] Although plaintiff filed two separate cases, the motions are identical. Therefore, the motion will be applied as to both cases.

defendant may be permanently enjoined from listing plaintiff on the Registry.

"[T]emporary restraining orders may be issued without notice to be effective for a period of fourteen (14) days unless extended or sooner dissolved. Such orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." M.D. Fla. R. 4.05(a). In support of an application, a plaintiff must make a separate motion alleging specific facts by verified complaint or affidavits to show "not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible (Rule 65(b), Fed. R. Civ. P.)." Id. at 4.05(b)(2). On May 2, 2016, in both related cases, plaintiff filed an Affidavit (Doc. #17) in support of the request to enjoin "monthly checks" on plaintiff and the restrictions and limitations implied by being included on the State of Florida's Sex Offender Registry.

A temporary restraining order will be issued only if plaintiff demonstrates: (1) a substantial likelihood of success on the merits of the claim; (2) that irreparable injury will be suffered if relief is not granted; (3) the threatened injury outweighs the harm that might be caused to the opposing party if an order without

notice is not issued; and (4) the public interest at stake, if any. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005); M.D. Fla. R. 4.05(b)(4).

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites[2]." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting United States v. Jefferson Cty., 720 F.2d 1511, 1519 (11th Cir. 1983) (citation omitted)). "In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction." Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003).

Assuming there is a status quo to be preserved by the issuance of a temporary restraining order, plaintiff has not demonstrated that the threatened injury to his livelihood by continuing to be a registered sex offender outweighs notice and an opportunity to be heard. Any relief sought or granted herein would necessarily imply the invalidity of plaintiff's conviction or sentence, and the Court finds that the extraordinary remedy of a restraining order is not appropriate.

Accordingly, it is hereby

[2] The four requisites are the same as those outlined above for a temporary restraining order.

**ORDERED:**

Plaintiff's Motion for Temporary Restraining Order is **DENIED** for the reasons set forth above, and plaintiff's Motion for Preliminary Injunction and Permanent Injunction (Doc. #20) are **DENIED** as no service of process has been executed and no proof of notice to the State of Florida is evident on the record.[3]

**DONE and ORDERED** at Fort Myers, Florida, this 20th day of July, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record

[3] A Summons was reissued on July 20, 2016. (Doc. #28.)